SCHILDROTH *v.* SCHILDROTH.

DIVORCE—DIVISION OF PROPERTY—EQUITY.

> In divorce proceedings between couple who were married about
> 14 years before final separation, are childless and have accumu-
> lated property consisting of two-family flat and some insur-
> ance policies as result of their joint earnings, decree granting
> equal division of personal property and ordering sale of realty
> and equal division of proceeds *held*, practical and fair.

Appeal from Wayne; Moll (Lester S.), J. Sub-mitted January 8, 1937. (Docket No. 67, Calendar No. 39,141.) Decided March 1, 1937.

Bill by Dorothy Schildroth against Walter H. Schildroth for an absolute divorce. Decree for plaintiff. Defendant appeals. Affirmed.

*Jeffries, Krause & Hally,* for plaintiff.

*Louis Rosenzweig,* for defendant.

NORTH, J. In the circuit court in chancery plain-tiff was granted a decree of divorce on the grounds of extreme cruelty and nonsupport, and provision was made in the decree for division of property. Defendant has appealed.

These parties, now approximately 40 years of age, were married in 1919 and the final separation occurred in October, 1933. No children were born of the marriage. During the major portion of the marriage period plaintiff has been and still is em-ployed as a teacher in the public schools of Detroit. At one time defendant was employed as a motor-

man by the Detroit department of street railways, but in recent years he has followed the trade of a carpenter. By their mutual efforts the parties have accumulated some property. For a number of years they seemed to have lived and worked together harmoniously; but since 1928 or thereabouts they have experienced much domestic infelicity. Divorce proceedings were instituted by the wife in 1929 but dismissed upon reconciliation of the parties. Other court proceedings of like character have been instituted and dismissed. The bill of complaint in the instant case was filed February 28, 1935. Review of the record discloses ample testimony to sustain the decree of divorce granted to plaintiff. In the prayer for relief at the conclusion of appellant's brief he does not ask that the decree for divorce be set aside. On the oral argument it was conceded and it conclusively appears from the record that there is no possibility of reconciliation between these parties.

The major controversy concerns the provisions in the decree touching the property rights of the parties. The real estate owned by them consists of a two-family flat and two vacant lots. The personalty consists of household furnishings bought by plaintiff and two life insurance policies in which defendant is the insured. The premiums on these policies have been paid from the joint earnings of the parties. One of the policies is for a thousand dollars of paid up insurance having a cash surrender value of approximately $500. The other is a 20-pay life policy on which premiums remain to be paid for only two or three years. The decree entered in the circuit court makes practically an equal division of both the real and personal property between these parties. Our review of the record satisfies us that

this is as nearly an equitable disposition of the property as can be made. Recital of the details of the method adopted by the trial judge to accomplish this result would not be helpful. Where physical division was possible he has used that method; and his provision for the sale of the two-family flat and an equal division of the net proceeds is both practical and fair. The record discloses no just reason for disturbing the circuit judge's determination of the property rights of the respective parties. The decree entered in the circuit court is affirmed, with costs to appellee.

Fead, C. J., and Wiest, Butzel, Bushnell, Sharpe, Potter, and Chandler, JJ., concurred.